IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATHAN DUSTIN HEATH SIEGEL,<br>Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:10-CV-754-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Nathan Dustin Heath Siegel, TDCJ #1575934, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

Siegel is presently serving a six-year sentence for his 2009 drug-related conviction in Palo Pinto County, Texas. By this habeas petition, Siegel challenges a 2010 disciplinary proceeding conducted at the John Middleton Unit transfer facility, and the resultant loss of 15 days good time, restriction of his recreation and commissary privileges, and reduction in his line class status from S-3 to L-1. (Disciplinary Hrg. R. at 1) Siegel was charged in Disciplinary Case No. 20100166688 with fighting without a weapon, a level 2, code 21.0 violation. (*Id.* at 4) The offense report alleged that on February 15, 2010, Siegel–

> Did engage in a fight without a weapon with offender Gardner, Roger # 1550592, by striking offender Gardner, Roger several times about the head and face with closed fists. Moreover, the fight resulted in injuries to offender Gardner, Roger that required treatment up to first aid. Furthermore, [Siegel] did assault offender Gardner, Christopher #1509219, without a weapon by striking offender Gardner, Christopher about the head and face with closed fists. Moreover, the assault resulted in injuries to offender Gardner, Christopher that required treatment up to first aid.

The report also included the following information:

> On 2-16-10 while conducting a fight investigation on B5-Dorm offender Siegel did self-admit to myself that he did engage in a fight with offender Gardner, Roger # 1550592. Offender Siegel further claims that him and some other offenders took turns fighting offender Gardner in an attempt to handle up on some business for the WOODS.

(*Id.*)

After receiving notice of the charges, Siegel attended a disciplinary hearing on February 19, 2010, represented by "counsel substitute," during which he pled guilty to the offenses. (*Id.* at 1) At the hearing, Siegel's written statement and other documentary evidence was admitted, including the offense report, the preliminary investigation report, inter-office communications from the medical department, and the service investigation work sheet. (*Id.* at 4-14) After considering the evidence,

2

the hearing officer found Siegel guilty of both violations. (*Id.* at 1) Siegel filed a Step 1 grievance, which was rejected because the "grievable time period" had expired. (Disciplinary Grievance R. at 2) Thereafter, Siegel filed this federal petition for writ of habeas corpus in the Abilene Division, and the action was transferred to this court by order dated October 7, 2010.

## D. GROUNDS

Siegel raises four grounds for relief, claiming his right to due process was violated during the disciplinary action because (1) his "guilty pleas" were unlawfully induced, (2) his pleas were entered without an understanding of the nature of the charges and the consequences of his pleas, (3) he was denied his right to appeal the hearing officer's decision, and (4) the charges were brought to discriminate against him and the sentence excessive. (Pet. at 7)

## E. RULE 5 STATEMENT

Thaler believes Siegel has failed to exhaust his state administrative remedies as to his claims because Siegel did not raise the claims in a timely Step 1 and Step 2 grievance, and thus the claims are procedurally barred. (Resp't Answer at 4-9)

## F. EXHAUSTION

A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986). Thus, a petitioner is not required to pursue habeas corpus relief in state court before filing a petition for a writ of habeas corpus in federal court concerning a disciplinary case. A petitioner is required, however, to exhaust

3

the prison grievance procedures by raising all of his grounds for relief in both the Step 1 and Step 2 grievances before proceeding to federal court. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).

With respect to grounds one, two and four, enumerated above, the claims were not raised in a timely filed Step 1 grievance, and, although Siegel provides a copy of a Step 2 grievance form, wherein he complains of the disposition of his Step 1, there is no evidence that the Step 2 grievance was submitted to and/or considered by TDCJ. Thus, the claims are unexhausted. Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, the claims are procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980).

### G. RIGHT TO APPEAL

With respect to ground three, although TDCJ provides a right to appeal a disciplinary ruling, prisoners have no constitutional right to such an appeal or grievance procedure or to any particular outcome. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Only deprivation of good time credit stemming from a disciplinary violation entitles an inmate to minimum procedural due process before, during, and after the disciplinary proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Siegel cites to no direct authority, and none has been found, for the proposition that an inmate is entitled to further due process in the context of an internal prison grievance process. Thus, Siegel cannot show that he has been denied a constitutionally protected interest.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that grounds one, two, and four be dismissed as procedurally barred and ground three be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 28, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April 13, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 7, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE