IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATHAN DUSTIN HEATH SIEGEL §
§
§
VS. § CIVIL ACTION NO.4:10-CV-754-Y
§
RICK THALER, Director, §
T.D.C.J., Correctional §
Institutions Division, §
    Respondent. §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 of petitioner Nathan Dustin Heath Siegel, along with the April 7, 2011, findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until April 28 to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, the petition for writ of habeas corpus should be dismissed in part, and denied in part.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Siegel's grounds one, two, and four, that his right to due process of law was violated during a disciplinary proceeding because his guilty plea was (1) unlawfully induced and (2) entered without an understanding of the charges and consequences, and (4) that the charges were brought to discriminate against him, are DISMISSED WITH PREJUDICE as procedurally barred from this Court's

review. Siegel's remaining ground three, that he was denied the right to appeal the hearing officer's decision, is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[1] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[2] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[3] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[4]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Siegel has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the April 7, 2011, Findings, Conclusions, and Recommendation of the United States

---

[1] *See* Fed. R. App. P. 22(b).

[2] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[3] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[4] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

2

Magistrate Judge.[5]

Therefore, a certificate of appealability should not issue.

SIGNED May 11, 2011.

                                                            TERRY R. MEANS
                                                             UNITED STATES DISTRICT JUDGE

---

[5] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).